UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ORLANDO COMMUNICATIONS LLC,**

      **Plaintiff,**

v.     Case No:   6:14-cv-1017-Orl-22KRS

**CELLCO PARTNERSHIP,**

      **Defendant.**

REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANTS' MOTION FOR DETERMINATION OF ENTITLEMENT TO ATTORNEYS' FEES (Doc. No. 147)**
>
> **FILED:** April 29, 2015
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

**I.     PROCEDURAL HISTORY.**

    On June 26, 2016, Plaintiff Orlando Communications LLC ("Orlando Communications") filed seventeen complaints in this Court against Defendants LG Electronics, Inc, LG Electronics U.S.A., Inc. (collectively, "LG"), Cellco Partnership d/b/a Verizon Wireless ("Verizon"), Sprint Corp., Sprint Spectrum, L.P. (collectively, "Sprint"), Motorola Mobility, LLC ("Motorola"), Pantech Wireless, Inc., Pantech Co. Ltd. (collectively, "Pantech"), AT&T Mobility LLC ("AT&T"), HTC Corporation, HTC America, Inc. (collectively, "HTC"), T-Mobile USA, Inc. ("T-Mobile"),

Huawei Technologies Co., Ltd., Huawei Technologies USA Inc., Huawei Device USA Inc. (collectively, "Huawei"), and Kyocera Communications, Inc. ("Kyocera"). Each lawsuit asserted patent infringement claims against combinations of AT&T, T-Mobile, Sprint, and Verizon ("the Carrier Defendants") and Huawei, HTC, Kyocera, LG, Motorola, and Pantech ("the Handset Defendants"). The Carrier Defendants and the Handset Defendants filed two separate motions to dismiss in each case. Doc. Nos. 49, 50.

Orlando Communications then filed an Amended and Supplemental Complaint, Doc. No. 69, and the Carrier Defendants and Handset Defendants again filed separate motions to dismiss in each case, Doc. Nos. 71, 72. On November 24, 2014, after Orlando Communications filed four additional complaints, which added Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") as additional parties, the Court ordered the above cases consolidated through decisions on the anticipated *Markman* motions. Doc. No. 75. On January 26, 2015, Samsung and the Carrier Defendants filed another motion to dismiss. Doc. No. 96.

On February 19, 2015, the Court held a hearing on the pending motions to dismiss. Doc. Nos. 112, 116. On March 16, 2015, the Court entered an order granting the motions to dismiss. Doc. No. 133. Although the Court afforded Orlando Communications leave to amend its direct infringement claims against the Carrier Defendants for U.S. Patent No. 6,009,553 ("the '553 Patent"), it dismissed the indirect infringement claims against the Handset Defendants without leave to amend. *Id.* at 2. The Court noted, however, that "[n]othing . . . prevent[s] Plaintiff from filing another lawsuit with the requisite allegations of pre-suit knowledge." *Id.* at 17.

On March 30, 2015, Orlando Communications filed notices of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) for its remaining claims against LG, Motorola, and HTC. Doc. No. 139; *Orlando Commc'ns LLC v. LG Elecs., Inc.*, No. 6:14-cv-1018-Orl-22KRS, Doc. No. 81

(M.D. Fla. Mar. 30, 2015); *Orlando Commc'ns LLC v. Motorola Mobility LLC*, No. 6:14-cv-1019-Orl-22KRS, Doc. No. 84 (M.D. Fla. Mar. 30, 2015); *Orlando Commc'ns LLC v. Motorola Mobility LLC*, No. 6:14-cv-1020-Orl-22KRS, Doc. No. 84 (M.D. Fla. Mar. 30, 2015); *Orlando Commc'ns LLC v. HTC Corp.*, No. 6:14-cv-1028-Orl-22KRS, Doc. No. 81 (M.D. Fla. Mar. 30, 2015); *Orlando Commc'ns LLC v. HTC Corp.*, No. 6:14-cv-1030-Orl-22KRS, Doc. No. 81 (M.D. Fla. Mar. 30, 2015).

On April 29, 2015, LG, Motorola, Huawei, and HTC filed a motion for a determination of their entitlement to attorneys' fees under 35 U.S.C. § 285.[1] Doc. No. 147. Orlando Communications filed its response in opposition to that motion on May 18, 2015. Doc. No. 164. The presiding District Judge referred the motion for attorneys' fees to me for issuance of a Report and Recommendation, and the matter is now ripe for review.

## II. DISCUSSION.

Attorneys' fees are not automatically recoverable in a patent case. Instead, under 35 U.S.C. § 285, a court may award reasonable attorneys' fees to a "prevailing party" in "exceptional cases." When faced with a motion for attorneys' fees, therefore, a court's inquiry is twofold. First, the court must find that the party seeking fees is a prevailing party. *Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473, 1480 (Fed. Cir. 1998); *see also DH Tech., Inc. v. Synergystex Int'l, Inc.*, 154 F.3d 1333, 1344 (Fed. Cir. 1998) (vacating an exceptional-case determination, in part, because "the prevailing party ha[d] not yet been determined"). If that criterion is met, the court may then evaluate whether the case is "exceptional" within the meaning of § 285. In this case, the Court

---

[1] LG, Motorola, Huawei, and HTC represent that they will submit their billing records for a determination of the fee award if they receive a favorable ruling on the issue of entitlement. Doc. No. 147, at 1 n.1.

need not reach the issue of exceptionality, because the record makes clear that neither Motorola, LG, Huawei, nor HTC are prevailing parties.

In *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources*, 532 U.S. 598, 600 (2001), the United States Supreme Court considered whether the term prevailing party "includes a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." In that case, the petitioners filed a complaint for declaratory relief under the Fair Housing Amendments Act of 1988 ("FHAA") and the Americans with Disabilities Act ("ADA"), seeking a ruling that certain provisions of West Virginia law violated these federal statutes. *Id.* at 600-01. After the complaint was filed, the West Virginia legislature enacted two bills eliminating the challenged West Virginia law. *Id.* at 601. Thereafter, the respondents moved to dismiss the case as moot, which motion was granted. The petitioners then sought an award of attorney's fees under the FHAA and the ADA, arguing that they were prevailing parties because the lawsuit brought about a voluntary change in the respondents' conduct (the "catalyst theory"). *Id.* The district court, following the law of the United States Court of Appeals for the Fourth Circuit, denied the motion, finding that the petitioners were not prevailing parties because they did not obtain an enforceable judgment, consent decree, or settlement giving them some of the legal relief sought. *Id.* at 602. The Supreme Court accepted certiorari because of disagreement among Courts of Appeals on the application of the catalyst theory in a prevailing party analyses. *Id.*

The Supreme Court rejected use of the catalyst theory in a prevailing party analysis. *Id.* at 605. It reasoned that a party's voluntary change in conduct lacked "the necessary judicial imprimatur on the change" to establish a prevailing party. *Id.* While the Supreme Court held that

the catalyst theory was not a permissible basis for an award of attorney's fees under the FHAA and ADA, *id.* at 609, the *Buckhannon* rejection of the catalyst theory has since been applied to many prevailing party fee statutes. *See, e.g., Loggerhead Turtle v. Cnty. Council of Volusia Cnty.*, 307 F.3d 1318, 1324-25 & n.8 (11th Cir. 2002) (distinguishing prevailing party fee statutes from fee statutes authorizing a court to award fees whenever appropriate). The Federal Circuit has applied *Buckhannon* to the prevailing party fee provision of the Patent Act, 35 U.S.C. § 285. *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027 (Fed. Cir. 2006).

Motorola, LG, Huawei, and HTC argue that they "are prevailing parties because the Court dismissed Orlando's indirect infringement allegations without leave to amend" and because "the Court's Order did not state that the dismissal of those claims was without prejudice." Doc. No. 147, at 15. They argue that the March 16, 2015 Order was "effectively a dismissal with prejudice" because it "precluded Orlando [Communications] from re-alleging indirect infringement against Defendants." *Id.* at 16. They claim that, under Federal Rule of Civil Procedure 41(b), the dismissal acted "as an adjudication on the merits." *Id.* at 15.

Defendants' argument is directly contradicted by the Order's plain language and is little more than a rehash of an issue that has already been decided against them. In its Order, the Court addressed Defendants' contention that, based on *Brandywine Communications Technologies, LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260 (M.D. Fla. 2012), Orlando Communications could not file a second set of actions to cure its pre-suit knowledge allegations. Doc. No. 133, at 17 (citing Doc. No. 84, at 11–12). The Court rejected that argument, stating that "[n]othing in *Brandywine* should be read as preventing Plaintiff from filing another lawsuit with the requisite allegations of pre-suit knowledge." *Id.*

For that reason, Defendants' reliance on Rule 41(b) is misplaced.  Rule 41(b) provides that "[u]nless the dismissal order states otherwise, a dismissal . . . operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).  As reflected above, however, the Court's Order *did* state otherwise.  While the Order may not have used the words "without prejudice" and did refuse to grant Orlando Communications leave to amend in the present case, its language was unambiguous. It expressly determined that Orlando Communications would not be prohibited from refiling another lawsuit.  Contrary to Defendants' suggestion, then, the Court's Order was effectively a dismissal *without prejudice.  See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The primary meaning of 'dismissal without prejudice,' we think, is dismissal without barring the defendant from returning later, to the same court, with the same underlying claim."); *Alexander v. Bradshaw*, 599 F. App'x 945, 946 (11th Cir. 2015) (per curiam) ("Where an action is dismissed without prejudice, the plaintiff may refile before the expiration of the applicable statute of limitations.").[2]

The Federal Circuit has made clear that a dismissal without prejudice is insufficient to constitute a change in the legal relationship of the parties so as to satisfy the *Buckhannon* test because "the plaintiff is free to refile its action."  *RFR Indus. v. Century Steps, Inc.*, 477 F.3d 1348, 1353 (Fed. Cir. 2007); *accord Hughes v. Lott*, 350 F.3d 1157, 1161 (11th Cir. 2003) ("A dismissal without prejudice is not an adjudication on the merits and thus does not have res judicata effect."). Because the Court's Order permitted Orlando Communications to file another lawsuit with the requisite allegations of pre-suit knowledge, that Order did not confer prevailing-party status upon

---

[2] Unpublished opinions are cited as persuasive authority.

Motorola, LG, Huawei, or HTC.[3]  Accordingly, Defendants are not entitled to an award of attorneys' fees under 35 U.S.C. § 285.

### III. RECOMMENDATION.

In light of the foregoing, I respectfully **RECOMMEND** that the Court **DENY** Defendants' Motion for Determination of Entitlement to Attorneys' Fees (Doc. No. 147).

Failure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar an aggrieved party from challenging on appeal the district court's order based on unobjected-to factual findings and legal conclusions.

Recommended in Orlando, Florida on July 22, 2015.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[3] Defendants do not argue that Orlando Communications' Rule 41(a)(1)(A)(i) voluntary dismissals confer prevailing party status.  Nor could they reasonably make such an argument.  *See RFR Indus.*, 477 F.3d at 1353.